**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 09-17437 MER |
| CCI FUNDING I, LLC | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JANICE A. STEINLE, Chapter 11 Trustee | ) | Adversary No. 10-1925 MER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LOT 7 WARRIORS MARK LLC, and | ) | |
| JAMES T. MARKUS, Chapter 11 | ) | |
| Trustee for Commercial Capital, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER FOR COMPLIANCE WITH RULE 7026, FED.R.BANKR.P. (Rule 26(f), Fed.R.Civ.P.) AND NOTICE OF STATUS AND SCHEDULING CONFERENCE**

THIS MATTER comes before the Court on the Plaintiff's Complaint and Defendants' Answer. The Court, having reviewed the file and being advised in the premises,

DOES ORDER as follows:

1.     A status and scheduling conference in the within adversary proceeding is hereby scheduled for **Tuesday, January 25, 2011, at 2:30 p.m. in Courtroom D**, on a trailing docket, United States Bankruptcy Court for the District of Colorado, U.S. Custom House, 721 19th Street, Denver, Colorado  80202-2508. Parties wishing to appear by telephone shall call 720-904-7499 at the scheduled time of the hearing. The User ID for the conference call is 1128. If the hearing has not yet begun, you will hear hold music. Please stay on the line until the court operator takes the roll call and the hearing begins. **The Court will not contact parties by telephone. If a party has not called in to the conference line or is not present in court, it will be deemed a failure to appear.**

2.     Pursuant to Rule 7026, Fed.R.Bankr.P., Rule 26, Fed.R.Civ.P., and L.B.R. 7026-1, counsel shall, on or before **January 11, 2011:**

        A.     Confer and discuss, pursuant to Rule 7026, Fed.R.Bankr.P., and Rule 26(f), Fed.R.Civ.P.,

      (i)     the nature and basis of their claims and defenses; and

      (ii)    the possibilities for a prompt settlement or resolution of the case.

B.     Complete all initial disclosures required by Rule 26(a)(1), Fed.R.Civ.P.

C.     Develop a specific and firm discovery schedule and plan.  This discovery plan should

      (i)     contain firm deadlines for completion of discovery and a date to file dispositive motions;

      (ii)    address any pertinent matters and identify anticipated problems identified in Rule 16(b) and (c), Fed.R.Civ.P.;

D.     <u>Submit a written report to the Court</u>, on or before **January 18, 2011**, which includes proposals for the following, or otherwise notify this Court by written report filed on or before the above date that the parties have resolved the issues in the within adversary proceeding and that a settlement and/or dismissal is imminent:

      (i)     Amended pleadings shall be filed, and/or additional parties shall be joined, by _____.

      (ii)    Parties will provide expert disclosure under Rule 26(a)(2), Fed.R.Civ.P., by: _____.  Expert discovery shall be completed by: _____.

      (iii)   All fact discovery shall be **completed** by: _____.

      (iv)   Dispositive motions shall be filed by: _____.

      Submission of the report will serve as certification that all initial required disclosures, pursuant to Rule 7026(a), Fed.R.Bankr.P., have been fully and timely completed.

3.    Counsel shall be prepared at the scheduling conference to discuss (a) anticipated discovery or procedural problems in the case, (b) settlement prospects, and (c) the proposed comprehensive discovery schedule.

4.    The parties shall commence discovery immediately after their Rule 26(f) meeting, referenced in paragraph 2(A) above, is concluded.

**Failure to file the required status report on or before the due date <u>will</u> result in the automatic vacation and rescheduling of the status and scheduling conference.  Further**

**failure of the parties, or a party, to comply with this Order, or to appear at the status and scheduling conference, may result in the imposition of sanctions, dismissal of the within proceeding, or entry of judgment, if warranted and appropriate.**

Dated December 9, 2010

BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

# *NOTICE TO LITIGANTS*

**You are a party in an adversary proceeding or contested matter. This is a serious matter that you should not ignore. Moreover, settlement of disputes often results in an outcome that is more advantageous to the parties than continued litigation.**

If all parties to the adversary proceeding or contested matter agree, there is a mediation program administered by the Faculty of Federal Advocates (the "Faculty") that may provide mediation services. Parties meeting certain criteria may qualify to participate in the mediation program without paying the mediator's fees. If the parties desire to pursue this process, they need to notify the Court and may contact:

---

**Faculty of Federal Advocates**
**Bankruptcy Mediation Program**

**Ms. Sue Toms, Administrator**
**Bankruptcy Mediation Program**
**600 17th Street, Suite 1800 South**
**Denver, Colorado 80202**
**303-573-5900**
**Fax: 303-573-1956**
**stoms@lindquist.com**

---

Upon initial contact, the parties requesting *pro bono* services will be screened for eligibility. After that determination, if requested, and if all parties continue to desire to proceed with mediation, an attorney may be found who will mediate the dispute. The parties will, however, still be responsible for the payment of their own attorney's fees and costs. When making contact with the Faculty, please have a copy of the complaint and answer (or similar document with case identifying information) with you.