United States Bankruptcy Court
District of Colorado

Janice A. Steinle, Esq.,
    Plaintiff

Adv. Proc. No. 10-01925-MER

Lot 7 Warriors Mark LLC,
    Defendant

# CERTIFICATE OF NOTICE

District/off: 1082-1      User: cramerc      Page 1 of 1      Date Rcvd: May 17, 2011
                    Form ID: pdf904      Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 19, 2011.
ust      +Nicole Zollars (341),     999 18th St.,     Ste. 1551,     Denver, CO 80202-2415
pla       Janice A. Steinle, Esq.,     PMB 505,     9249 South Broadway,     Suite 200,     Highlands Ranch, CO   80129-5692

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
ust       +E-mail/Text: ustp.region19@usdoj.gov May 17 2011 23:03:58     Beverly Smith (341),     999 18th St,     Ste 1551,     Denver, CO 80202-2415
                                                                                                                                        TOTAL: 1

         ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
dft        Lot 7 Warriors Mark LLC
                                                                                                                               TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 19, 2011**                      **Signature:** _/s/ Joseph Speetjens_

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 09-17437 MER |
| CCI FUNDING I, LLC ) | |
| ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| JANICE A. STEINLE, CHAPTER 11 ) | Adversary No. 10-1925 MER |
| TRUSTEE FOR CCI FUNDING I, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LOT 7 WARRIORS MARK, LLC, and ) | |
| JAMES T. MARKUS, CHAPTER 11 ) | |
| TRUSTEE FOR COMMERCIAL ) | |
| CAPITAL, INC, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

THIS MATTER comes before the Court on the Motion for Default Judgment (the "Motion") filed at Docket No. 14 by Plaintiff Janice Steinle, the Chapter 11 Trustee for CCI Funding I, LLC ("CCIF"). The Court has reviewed the Motion and finds that the relief sought cannot be granted. The Court's record reflects the following:

- Mr. Karl Koch, the principal of Defendant Lot 7 Warriors Mark, LLC, is a member of the Unsecured Creditors' Committee of the companion Chapter 11 proceeding, *In re Commercial Capital, Inc.*, Case No. 09-17238 MER ("CCI").
- On January 13, 2010, Mr. Koch and his two entities, 17200 W. Colfax, LLC and Lot 7 Warriors Mark, LLC, filed an Objection to the Motion of the CCI Trustee to approve an agreement whereby the CCI Trustee and the CCIF Trustee stipulated the CCIF Trustee could pursue remedies in state court against various parties, including 17200 W. Colfax, LLC and Lot 7 Warriors Mark, LLC. The Objection indicated 17200 W. Colfax, LCC and Lot 7 Warriors Mark, LLC had defenses and counterclaims to such remedies.
- On February 10, 2010, the Court entered an Order denying approval of the agreement as to Mr. Koch, his entities, and other objecting parties.
- On September 1, 2010, Mr. Lars Fuller, counsel for Mr. Koch, 17200 W. Colfax, LLC, and Lot 7 Warriors Mark, LLC, filed a Motion to Withdraw, stating Mr. F. Kelly Smith

- had been retained as substitute counsel.  The Motion to Withdraw was granted by the Court on September 29, 2010.
- On November 22, 2010, Trustee Steinle filed the instant adversary Complaint against Lot 7 Warriors Mark LLC and Trustee Markus.
- The return of service filed November 23, 2010 indicates service was made upon Mr. Koch, upon Lot 7 Warriors Mark, LLC, and upon F. Kelly Smith.
- Trustee Markus filed an Answer to the Complaint on December 6, 2010.
- Trustee Steinle filed the instant Motion on February 11, 2011.
- The certificate of service attached to the Motion shows it was served on counsel for Trustee Markus, but not on Mr. Koch, on Lot 7 Warriors Mark, LLC, or on F. Kelly Smith.

FED. R. BANKR. P.7055 makes FED. R. CIV. P. 55 applicable to adversary proceedings. Rule 55(b)(2) states in pertinent part: "If the party against whom judgment by default is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application [for default judgment] at least 7 days before the hearing." "[An] appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court."[1] In a well-known case from the United States District Court for the District of Columbia, for example, the Court found "appearance" for purposes of Rule 55(b)(2) had taken place where "exchanges between the parties. . . were the normal effort to see if the dispute could be adjusted by agreement, but neither party was in any doubt that the suit would be contested if the efforts to agree were unavailing."[2]

Here, the principal of Defendant Lot 7 Warriors Mark, LLC is a member of the CCI Unsecured Creditors' Committee.  Through filing the January 13, 2010 Objection, the Defendant indicated its intent to defend against actions taken by the Chapter 11 Trustees.  Moreover, the Complaint in this case, and the Motion, seek entry of judgment against the Defendant in an amount exceeding $3.1 million.  Thus, although Lot 7 Warriors Mark, LLC did not file an Answer to the Complaint, default and default judgment cannot be entered in the absence of proper notice of the Motion under Rule 55(b)(2).

IT IS THEREFORE ORDERED the Motion for Default Judgment is denied.

---

[1] *Civic Center Square, Inc. v. Ford (In re Roxford Foods, Inc.)*, 12 F.3d 875, 881–82 (9th Cir.1993) (holding where a party has appeared in a closely related or identical case, it constitutes an appearance such as to require Rule 55(b)(2) notice); *see also Batstone v. Emmerling (In re Emmerling)*, 223 B.R. 860, 866-67 (BAP 2d Cir. 1997).

[2] *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 692 (D.C.Cir.1970).

DATED: May 17, 2011

BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge